SIMPSON COUNTY COURT *v.* JAMES COPELAND.

**Parties to Suit for Collecting Taxes on Railroad Bonds.**
   In a suit by a taxpayer for reimbursement for taxes paid as interest on bonds subscribed to a railroad, it is proper to join as a party defendant, the railroad company.

**Same.**
   It being a controversy as to liability for sheriffs fee of ten per cent for making the collection, a suit against the county alone is error.

**Taxes Collected for Interest on Railroad Bonds.**
   A taxpayer is entitled to his full restitution for moneys collected to pay interest on bonds subscribed by county to a railroad. The fees of the sheriff of ten per cent for collecting such tax, cannot be deducted from the amount of stock due therefor to the taxpayer

**Same—Suit in Equity—Jurisdiction of County Court.**
   The county court has no jurisdiction to try the cause, even upon an agreed statement of facts: Nor can it be compelled to levy and pay such tax receipts in money.

APPEAL FROM SIMPSON CIRCUIT COURT.

June 3, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Copeland holding tax receipts given for the collection of moneys from the citizens of Simpson county to pay the interest on her bonds of $100,000 bearing six per cent interest, which were executed to the Louisville & Nashville Railroad Company for that

much stock in said company subscribed for by said county, presented the same to said company and demanded therefor a certificate of four shares of $100 each in said company, which it refused because it had already issued to the citizens of said county sixty shares, or $6,000, of stock, the amount of the annual interest on said $100,000 of county bonds.

Copeland then moved the county court for an allowance of the amount of his receipts against the county which it rejected and from which he appealed to the circuit court, which reversed the judgment of the county court and directed it to make his allowance from which the county court has appealed to this court. By section 15, charter of Louisville & Nashville Railroad Company, it is provided that "upon the date of the first dividend and thereafter, upon presentation and surrender at the office of the company of tax receipts for taxes paid to *defray interest upon bonds* given by. any county under this act, *issue to the holders thereof stock* for the same."

By section 7 of an amendment to said charter approved March 20, 1851, it is provided that until the dividends on the stock subscribed, for which county bonds may be issued, shall be sufficient to pay the interest on said bonds the county court shall levy a tax on the real and personal estate listed for revenue purposes in such county, after making a reasonable allowance for delinquencies to pay any such deficit.

By section 9 it is made the duty of the sheriff of the county to collect such taxes, and by section 10, the sheriff is to be allowed not exceeding ten per cent for so collecting.

So the real question in this case is whether the county or the railroad company should defray this expense for collecting the annual interest on the county bond. If the railroad company is responsible then it should issue stock to Copeland; if the county should defray it then the county court should provide for the payment of these receipts.

By the provisions of the law the county court was directed to make the assessment and the officers' receipts were to specify what amount each tax-payer paid on this railroad tax. It is, therefore apparent that in making an allowance of ten per cent for the sheriff unless this was provided out of the general revenue of the county it would enter into the railroad tax and thus swell the

aggregate amount that much over the real amount of the annual interest.

In looking at the various provisions of the charter we are much inclined to the opinion that it was the intention of the law that the company should give stock to the county for the principal of the bonds and to the citizens for all tax receipts for the annual interest and expense of collecting it, so that the citizens would get stock for all money paid on account of the railroad, whether for the interest on the bonds or the expense of collecting it.

If, however, this is not the case, then the county should be compelled from its stock, now largely in advance of the original sum, to contribute these four shares due Copeland.

His receipts stand as obligations on an equal footing with any other receipts, and there is nothing in the case manifesting any forfeiture on his part. It was the duty of the county and railroad officials to so arrange their assessments and issue of stock as to give to each tax payer the pro rata due him and not resolve this into a mere race to the office of the company, each receipt holder had a right to rely upon the reservation of his stock as the law contemplated until his receipts should amount to $100, when he would be authorized to demand a certificate of stock.

But it is apparent that this suit cannot be adjusted upon the strictly legal questions involved without the railroad company also being a party, nor do we think the proceeding in the county court, though by consent and upon agreed facts the appropriate one, and certainly in no view of the case can the county court be compelled to levy and pay these tax receipts in money, and, therefore, the judgment must be reversed.

A petition in equity against the county court and the railroad company to compel the one or the other to redeem these receipts in stock of the road according to which party may be finally ascertained to be responsible would seem to be the more appropriate remedy, as Copeland is entitled to have them redeemed by the one or the other, and we suggest that on return of the case such proceedings be instituted instead of these now being prosecuted, or at least the present proceedings be so altered as to go for stock instead of money from the county, but in any event, the railroad company is not only a proper but an essential party. Wherefore,

the judgment is reversed, with directions for further proceedings as herein·indicated.

*Bush, for appellant.*

*Underwood, for appellee.*